**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **TIFFANY CROCKETT,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 4:23-cv-158-ALM-KPJ** |
| **MARTIN J. O'MALLEY,** | § | |
| *Commissioner of Social Security,* | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter was referred to the undersigned for review and report and recommendation pursuant to 28 U.S.C. § 636(b). As set forth below, the Court finds that Plaintiff Tiffany Crockett's ("Ms. Crockett") appeal of the final decision of the Commissioner of Social Security (the "Commissioner") should be **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

On February 24, 2023, Ms. Crockett, proceeding *pro se*, filed the Complaint (Dkt. 1), wherein she seeks review of a final decision of the Commissioner denying her claim for disability insurance benefits pursuant to 42 U.S.C. § 405(g). *See* Dkt. 1 at 1. On June 28, 2023, the Commissioner filed the Answer and Notice of Electronic Filing of the Administrative Transcript. Dkt. 10. On October 4, 2023, the Court entered an Order Directing Filing of Briefs (Dkt. 13) ordering the parties to submit briefs in accordance with the requirements contained therein. *See* Dkt. 13. According to the Order Directing Filing of Briefs (Dkt. 13), Ms. Crockett was to file her brief within thirty (30) days. *See id.* at 1.

On October 25, 2023, Ms. Crockett filed a Motion for Appointment of Counsel (Dkt. 15), wherein she represents that she is unable to pay an attorney to represent her and identifies two

attorneys who have refused to represent her without payment. Dkt. 15 at 1. On November 1, 2023, the Court denied without prejudice the Motion for Appointment of Counsel (Dkt. 15) because Ms. Crockett did not present any information relevant to the Court's consideration of whether her case presented "exceptional circumstances" justifying the appointment of counsel. *See* Dkt. 16. Ms. Crockett has not renewed her request for the appointment of counsel.[1]

As of May 2024, Plaintiff had not filed her brief. Thus, on May 13, 2024, the Court issued its first order directing Ms. Crockett to file her brief, pursuant to the Order Directing Filing of Briefs (Dkt. 13). Dkt. 18 at 2. The Court warned Ms. Crockett that failure to comply with the Court's order could result in a recommendation that her case be dismissed without prejudice. *Id.*

On June 5, 2024, Ms. Crockett filed her brief (the "Brief") (Dkt. 19). *See* Dkt. 19. However, the Brief (Dkt. 19) did not comply with the requirements set forth in the Order Directing Filing of Briefs (Dkt. 13). First, the Brief (Dkt. 19) did not contain the required sections identified in the Order Directing Filing of Briefs (Dkt. 13), including identification of the issues presented on appeal, a statement of the case, an argument, and conclusion. *See id.* In the Brief (Dkt. 19), Ms. Crockett states that she is "very aware [the] medical documentation, wasn't quiet [sic] enough evidence, at the first denial or appeal before actually reaching the [f]ederal courthouse." *Id.* at 1. Ms. Crockett then outlines the medical conditions she experiences and attaches documentation to support her diagnosis of such medical conditions. *Id.* at 1–2; Dkt. 19-1. However, Ms. Crockett

---

[1] The Court further notes that "[t]he Social Security Act provides for payment of attorneys' fees out of any award of retroactive benefits, thus creating an incentive for private counsel to take such cases." *Bennett v. Astrue*, No. 09-cv-890, 2009 WL 10704902, at *1 (N.D. Tex. May 13, 2009) (alteration in original) (quoting *Montes v. Sec'y, Dep't of Health & Hum. Servs.*, No. 96-cv-329, 1997 WL 3272, at *1 (S.D.N.Y. Jan. 3, 1997)) (internal quotation marks omitted). Given this incentive, Ms. Crockett's bare assertion that two attorneys refused to represent her without further information as to why they refused or whether they practice in the area of social security law does not meet the requirement of exceptional circumstances warranting the appointment of counsel by the Court. *See id.* (denying the plaintiff's request for appointment of counsel in a social security case when he had not shown exceptional circumstances warranting appointment of counsel nor any efforts by him to obtain counsel without payment of fees); *Veletta C. v. Saul*, No. 19-cv-2198, 2020 WL 10817490, at *1 (N.D. Tex. Mar. 5, 2020) (same).

does not identify any issues that occurred in the proceedings before the Social Security Administration prior to her appeal. *See* Dkt. 19.

On June 28, 2024, the Court issued its second order identifying the deficiencies in the Brief (Dkt. 19) and detailing the briefing requirements as set forth in the Order Directing Filing of Briefs (Dkt. 13). Dkt. 22. The Court ordered Ms. Crockett to file a compliant brief by July 31, 2024, and again warned her that failing to comply with the Court's order could result in a recommendation that her case be dismissed without prejudice. *Id.* at 2. On July 8, 2024, Ms. Crocket filed a response to the Court's second order, wherein she explains that she is not able to comply with the Court's briefing requirements. *See* Dkt. 23 at 1.

On appeal from a final decision of the Commissioner denying disability benefits, the Court's review "is limited to determining whether the decision is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence." *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)). Without a brief identifying one (or both) of these two issues, the Court cannot conduct a review of the proceedings below. To do so would require the Court to try the issues *de novo*, which is outside of the Court's scope of review on appeal. *See id.* ("[The Court] may not reweigh the evidence in the record, nor try the issues *de novo*, nor substitute the Court's judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision." (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988)) (internal quotation marks omitted)). Thus, because Ms. Crockett has not provided the Court with issues that may be properly reviewed on appeal and has indicated that she will not be able to do so, the Court recommends that Ms. Crockett's appeal of the Commissioner's final decision be **DISMISSED WITHOUT PREJUDICE** for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 25th day of July, 2024.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE